## Reilly Township School District v. Pardee

Before Valentine, P. J., Aponick and Farrell, JJ.

*Leroy Long* and *Charles L. Frank,* for plaintiff.

*Paul Bedford, Ben R. Jones, Jr.,* and *David B. Skillman,* for defendant.

VALENTINE, P. J., September 23, 1947.—This is an action by the School District of Reilly Township, Schuylkill County, to recover taxes assessed against

certain real estate in said township for the years 1934 to 1946, inclusive.

By deed dated December 14, 1931, and duly recorded, the Lehigh Valley Coal Company conveyed said real estate to Ario Pardee and Frank Pardee, trustees under a deed of trust from Calvin Pardee and wife. Plaintiff seeks a recovery against Frank Pardee, individually, and Frank Pardee, surviving trustee of the Estate of Calvin Pardee.

The complaint contains no specific allegation as to the death of Ario Pardee, although his death may, perhaps, be assumed.

To the complaint of plaintiff, defendant filed preliminary objections. The only objection pressed by defendant is the first one, which asserts:

"The complaint is insufficient in that it does not set forth the extent of the trust estate of which Frank Pardee is surviving trustee, and by failure to do so fails to set forth the extent of the liability, if any, of the said Frank Pardee as trustee."

Can a trustee, who holds title to real estate, be sued personally for the taxes assessed against such real estate, while the title was so held? This question seems to have been answered in the affirmative. Section 265 of A. L. I. Restatement of the Law of Trusts states:

"The trustee as holder of the title to the trust property is subject to personal liability to third persons, at least to the extent to which the trust estate is sufficient to indemnify him."

In the comment following this section we find, inter alia, the following:

"Taxes. Unless it is otherwise provided by statute, the trustee is personally liable for taxes assessed in respect to the ownership of property where the owner, if not a trustee, is personally liable therefor, at least to the extent that the trust estate is sufficient to indemnify him."

Here plaintiff has sued defendant both individually and as trustee. The complaint sets forth nothing to indicate the extent of the trust estate, nor the personal liability of trustee, beyond the value of the trust estate. Defendant's liability as trustee is one thing; his personal liability is something different.

We think plaintiff might have sued defendant individually, rather than as trustee. Girard Trust Co., Trustee, v. David et al., 40 D. & C. 239. If such had been done the liability of defendant would, prima facie, at least, be limited to the extent of the trust estate. However, this was not done. Plaintiff sued defendant, both in an individual and representative capacity. If this course is to be pursued, plaintiff should set forth the extent of the trust estate, and assert the individual liability of defendant in excess of the same.

Therefore, now, September 23, 1947, the first objection is sustained, and plaintiff is permitted to file an amended pleading within 15 days from date.